

FILED
CLERK, U.S. DISTRICT COURT

JUL 3 0 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT

JUL 3 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

Priority      ✓
Send          ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DAVIDIAN, | ) NO. CV 06-7801-CAS(E) |
| Plaintiff, | ) |
| v. | ) ORDER ADOPTING FINDINGS, |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) CONCLUSIONS AND RECOMMENDATIONS |
| | ) OF UNITED STATES MAGISTRATE JUDGE |
| Defendant. | ) |

Pursuant to 28 U.S.C. section 636(b)(1)(B), the Court has reviewed the pleadings and other papers herein along with the attached Report and Recommendation of United States Magistrate Judge.

IT IS ORDERED that: (1) the Report and Recommendation is approved and adopted as the Findings of Fact and Conclusions of Law herein; (2) Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment are denied; and (3) the matter is remanded to the Commissioner of Social Security Administration for further administrative action.

///

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

1    IT IS FURTHER ORDERED that the Clerk shall serve forthwith a
2 copy of this Order, the Magistrate Judge's Report and Recommendation
3 and the Judgment by United States mail on the Plaintiff, counsel for
4 Plaintiff and on the United States Attorney for the Central District
5 of California.

6

7    DATED: _____ _July 27_ _____, 2007.

8

9

10    _____Christina A. Snyder_____
11                CHRISTINA A. SNYDER
          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   HENRY DAVIDIAN,                    )   NO. CV 06-7801-CAS(E)
                                        )
12                  Plaintiff,          )
                                        )
13        v.                            )
                                        )   REPORT AND RECOMMENDATION OF
14   JO ANNE B. BARNHART, COMMISSIONER  )
     OF SOCIAL SECURITY ADMINISTRATION, )   UNITED STATES MAGISTRATE JUDGE
15                                      )
                                        )
16                  Defendant.          )
                                        )
17   _____)

18        This Report and Recommendation is submitted to the Honorable

19   Christina A. Snyder, United States District Judge, pursuant to 28

20   U.S.C. § 636 and General Order 05-07 of the United States District

21   Court for the Central District of California.

22

23                              PROCEEDINGS

24

25        Plaintiff filed a complaint on December 8, 2006, seeking

26   review of the Commissioner's denial of disability benefits.

27   Plaintiff filed a motion for summary judgment on May 31, 2007.

28   Defendant filed a motion for summary judgment on July 2, 2007.   The

1  Court has taken both motions under submission without oral argument.
2  See L.R. 7-15; "Order," filed December 11, 2006.

3

4          BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

5

6          Plaintiff, a former physician, asserts disability since
7  August 1, 1999, based primarily on fatigue allegedly resulting from
8  Lyme disease (Administrative Record ("A.R.") 60-62, 288-90).
9  Plaintiff testified to fatigue of disabling severity (A.R. 288-90).
10 Plaintiff's treating internist, Dr. Pitchon, opined Plaintiff is
11 totally disabled (A.R. 259-61).

12

13         The Administrative Law Judge ("ALJ") stated that Plaintiff
14 "appears sincere with respect to his testimony on subjective
15 matters," but ultimately found such testimony "not entirely credible
16 . . ." (A.R. 19, 21).  The ALJ rejected Dr. Pitchon's opinion as
17 allegedly insufficiently supported (A.R. 20).  The ALJ apparently did
18 not attempt to recontact Dr. Pitchon for a clarification of the bases
19 for Dr. Pitchon's opinion.

20

21         The ALJ denied benefits (A.R. 18-22).  The Appeals Council
22 denied review (A.R. 4-6).

23

24                         STANDARD OF REVIEW

25

26         Under 42 U.S.C. section 405(g), this Court reviews the
27 Commissioner's decision to determine if: (1) the Commissioner's
28 findings are supported by substantial evidence; and (2) the

                                    2

1  Commissioner used proper legal standards.  See Swanson v. Secretary,

2  763 F.2d 1061, 1064 (9th Cir. 1985).

3

4                              **DISCUSSION**

5

6          For the reasons discussed below, the Court should remand this

7  matter for further administrative proceedings pursuant to sentence

8  four of 42 U.S.C. section 405(g).

9

10         The ALJ erred in connection with the evaluation of Plaintiff's

11 credibility.  When an ALJ determines that a claimant's testimony

12 regarding subjective symptoms is not credible, the ALJ must make

13 "specific, cogent" findings, supported in the record, to justify the

14 ALJ's determination.  See Lester v. Chater, 81 F.3d 821, 834 (9th

15 Cir. 1996); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990);

16 Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1]

17

18         In the present case, the body of the ALJ's decision appears to

19 have rejected Plaintiff's credibility merely because "the disabling

20 nature of the impairment does not appear to be fully supported by

21 objective findings and treatment records" (A.R. 19).  An alleged

22 inconsistency between a claimant's testimony regarding subjective

23

24 ───────────────────────

          [1]    In the absence of evidence of "malingering," many Ninth
25 Circuit cases have applied the arguably more rigorous "clear and
   convincing" standard.  See Connett v. Barnhart, 340 F.3d 871, 873
26 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D.
   Cal.  Dec. 19, 2000) (collecting cases).  In the present case, the
27 ALJ's findings do not pass muster under either the "specific,
   cogent" standard or the "clear and convincing" standard, so any
28 distinction between the two standards is academic.

1  symptomatology and the objective medical record is a legally
2  insufficient basis for rejecting a claimant's credibility. See
3  Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988) (ALJ may not
4  discredit excess symptom testimony "solely on the ground that it is
5  not fully corroborated by objective medical evidence"). The
6  "findings" section of the ALJ's opinion refers to "the degree of
7  medical treatment required, discrepancies between the claimant's
8  assertions and information contained in the documentary reports, the
9  reports of the treating and examining practitioners, and the medical
10  history" (A.R. 21). These vague, generalized references add little
11  or nothing to the body of the ALJ's decision. The ALJ thus failed to
12  discharge the ALJ's obligation to make "specific, cogent" findings,
13  supported in the record, to justify the ALJ's credibility
14  determination.
15
16      The ALJ also erred in connection with the evaluation of
17  Dr. Pitchon's opinion. A treating physician's opinion "must be given
18  substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.
19  1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989)
20  ("the ALJ must give sufficient weight to the subjective aspects of a
21  doctor's opinion . . . This is especially true when the opinion is
22  that of a treating physician") (citation omitted). Even where the
23  treating physician's opinion is contradicted,[2] "if the ALJ wishes to
24  disregard the opinion of the treating physician he . . . must make
25  findings setting forth specific, legitimate reasons for doing so that
26  _____
27      [2]    Rejection of an uncontradicted opinion of a treating
    physician requires a statement of "clear and convincing" reasons.
28  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v.
    Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  are based on substantial evidence in the record." <u>Winans v. Bowen</u>,

2  853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

3  omitted); <u>see Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may

4  disregard the treating physician's opinion, but only by setting forth

5  specific, legitimate reasons for doing so, and this decision must

6  itself be based on substantial evidence") (citation and quotations

7  omitted); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989)

8  ("broad and vague" reasons for rejecting the treating physician's

9  opinions do not suffice).[3]

10

11      Section 404.1512(e) of 20 C.F.R. provides that the

12  Administration "will seek additional evidence or clarification from

13  your medical source when the report from your medical source contains

14  a conflict or ambiguity that must be resolved, the report does not

15  contain all of the necessary information, or does not appear to be

16  based on medically acceptable clinical and laboratory diagnostic

17  techniques." <u>See Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir.

18  1996) ("If the ALJ thought he needed to know the basis of Dr.

19  Hoeflich's opinions in order to evaluate them, he had a duty to

20  conduct an appropriate inquiry, for example, by subpoenaing the

21  physicians or submitting further questions to them.  He could also

22

---

23  [3]      Contrary to Defendant's apparent argument, the mere
   contradiction of a treating physician's opinion by consultative
24  physicians does not satisfy the requirement of stating specific,
   legitimate reasons for rejecting a treating physician's opinion.
25  Subsequent to the decision cited by Defendant (<u>Andrews v. Shalala</u>,
   53 F.3d 1035 (9th Cir. 1995)), the Ninth Circuit has reiterated
26  that the Administration always must state specific, legitimate
   reasons for rejecting the contradicted opinions of treating
27  physicians.  <u>See, e.g.</u>, <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th
   Cir. 1995) (reading <u>Andrews</u> more narrowly than Defendant apparently
28  urges).

1 | have continued the hearing to augment the record") (citations
2 | omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
3 | 1983) ("the ALJ has a special duty to fully and fairly develop the
4 | record and to assure that the claimant's interests are considered").
5 | In the present case, the ALJ erred by rejecting Dr. Pitchon's opinion
6 | as allegedly unsupported without first attempting to recontact
7 | Dr. Pitchon regarding the bases for the opinion.  Id.
8 |
9 |     Remand, rather than reversal, is appropriate in the present
10 | case.  When a court reverses an administrative determination, "the
11 | proper course, except in rare circumstances, is to remand to the
12 | agency for additional investigation or explanation."  INS v. Ventura,
13 | 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
14 | proper where, as here, additional administrative proceedings could
15 | remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
16 | 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
17 | 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d
18 | 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated
19 | invalid reasons for rejecting a claimant's excess pain testimony).[4]
20 |
21 |     The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172
22 | (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not
23 | compel a reversal rather than a remand of the present case.  In
24 | Harman, the Ninth Circuit stated that improperly rejected medical
25 | opinion evidence should be credited and an immediate award of
26 |
27 |        [4]   The Court has not reached any of the other issues raised
28 | by Plaintiff, except insofar as to determine that Plaintiff's
arguments in favor of reversal rather than remand are unpersuasive.

1   benefits directed where "(1) the ALJ has failed to provide legally
2   sufficient reasons for rejecting such evidence, (2) there are no
3   outstanding issues that must be resolved before a determination of
4   disability can be made, and (3) it is clear from the record that the
5   ALJ would be required to find the claimant disabled were such
6   evidence credited."  Harman at 1178 (citations and quotations
7   omitted).  Assuming, arguendo, the Harman holding survives the
8   Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[5]
9   the Harman holding does not direct reversal of the present case.
10  Here, the ALJ must recontact Dr. Pitchon concerning "outstanding
11  issues that must be resolved before a determination of disability can
12  be made."  Further, it is not clear from the record that the ALJ
13  would be required to find Plaintiff disabled for the entire claimed
14  period of disability were the opinion of Dr. Pitchon credited.
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25
26
27       [5]    The Ninth Circuit has continued to apply Harman, despite
28  INS v. Ventura.    See Benecke v. Barnhart, 379 F.3d 587, 595 (9th
    Cir. 2004).

7

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) denying Plaintiff's and Defendant's motions for summary judgment; and (3) directing that the matter be remanded to the Commissioner of Social Security Administration for further administrative action.

DATED: July 9, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.