**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HENRY DAVIDIAN, | ) | NO. CV 06-7801-E |
| Plaintiff, | ) | |
| v. | ) | ORDER RE "PETITION FOR |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(b)" |
| Defendant. | ) | |

**PROCEEDINGS**

On May 6, 2008, counsel for Plaintiff filed a "Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b), etc." ("the Petition"), seeking $11,553. Defendant filed a response on June 5, 2008, purportedly taking no position as to whether the requested fee is reasonable, but listing certain factors for the Court's consideration. The Court has taken the Petition under submission without oral argument. See Local Rule 7-15; May 7, 2008 Minute

Order.[1]

**BACKGROUND**

Plaintiff filed an application for Title II benefits with the Social Security Administration in October 2003, asserting disability since August 1, 1999. See Administrative Record, filed May 16, 2007 ("A.R.") pp. 60-62. After the Administration denied Plaintiff's application initially and on reconsideration, an Administrative Law Judge ("ALJ") conducted a hearing and issued an unfavorable decision (A.R. 18-22, 42-43, 272-314). When the Appeals Council denied Plaintiff's application for review, Plaintiff filed an action in this Court (A.R. 4-6; Complaint filed on December 8, 2006). On July 30, 2007, the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings. See July 30, 2007 Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge; see also July 10, 2007 Report and Recommendation of United States Magistrate Judge. The Commissioner subsequently awarded disability benefits to Plaintiff totaling approximately $75,715.40. See Exhibit A filed with the Petition (indicating $57,162.40 payment of past due benefits to Plaintiff and $18,553 withheld for attorney fees).

Counsel now petitions for $11,553 in fees for time spent before the Court pursuant to 42 U.S.C. section 406(b) and the parties' fee agreement. See Petition, pp. 2-3 (requesting $18,553 withheld, less

---

[1] The parties filed a consent to proceed before a United States Magistrate Judge on June 11, 2008.

$7,000 counsel previously recovered under section 406(a) for time spent before the Administration); Exhibit B filed with the Petition (fee agreement).[2]  Counsel acknowledges that any fee award must be offset by the $2,073.14 in attorney fees that counsel previously recovered under the Equal Access to Justice Act ("EAJA").  See Petition, p. 10; 28 U.S.C. § 2412.

**APPLICABLE LAW**

Under 42 U.S.C. section 406(b), the Court may allow attorney fees in a "reasonable" amount, not to exceed 25 percent of the total past-due benefits awarded to the claimant.  The Court has an independent duty to ensure that a section 406(b) contingency fee is reasonable.  See id.; Gisbrecht v. Barnhart, 535 U.S. 789 (2002) ("Gisbrecht").

Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by

---

[2] The Ninth Circuit's recent holding in Clark v. Astrue, 529 F.3d 1211 (9th Cir. 2008) does not affect the present Petition. In Clark, the Ninth Circuit held that the 25 percent cap on fees under section 406(b) is not a cap for total fees awarded under section 406(a) and 406(b). Id. at 1215-16 (noting that combined 406(a) and 406(b) fees can exceed 25 percent of past due benefits). Here, the parties' fee agreement, which caps total fees at 25 percent of past due benefits, governs.  See Exhibit B to Petition; see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (noting that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court").

```
 1          an attorney, the court may determine and allow as part
 2          of its judgment a reasonable fee for such
 3          representation, not in excess of 25 percent of the total
 4          of the past-due benefits to which the claimant is
 5          entitled . . . In case of any such judgment, no other
 6          fee may be payable . . . for such representation except
 7          as provided in this paragraph.  42 U.S.C. §
 8          406(b)(1)(A).
 9
10          According to the United States Supreme Court, section 406(b)
11
12          does not displace contingent-fee agreements as the
13          primary means by which fees are set for successfully
14          representing Social Security benefits claimants in
15          court.  Rather, § 406(b) calls for court review of such
16          arrangements as an independent check, to assure that
17          they yield reasonable results in particular cases.
18          Congress has provided one boundary line:  Agreements
19          are unenforceable to the extent that they provide for
20          fees exceeding 25 percent of the past-due benefits.
21          Within this 25 percent boundary . . . the attorney for
22          the successful claimant must show that the fee sought is
23          reasonable for the services rendered.  Gisbrecht v.
24          Barnhart, 535 U.S. 789, 807 (2002) (citations omitted).
25
26     The hours spent by counsel representing the claimant and
27 counsel's "normal hourly billing charge for noncontingent-fee cases"
28 may aid "the court's assessment of the reasonableness of the fee
```

1 yielded by the fee agreement." Id. at 808. The Court appropriately
2 may reduce counsel's recovery

> based on the character of the representation and the
> results the representative achieved. If the attorney is
> responsible for delay, for example, a reduction is in
> order so that the attorney will not profit from the
> accumulation of benefits during the pendency of the case
> in court. If the benefits are large in comparison to
> the amount of time counsel spent on the case, a downward
> adjustment is similarly in order.

Id. (citations omitted); see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) (identifying factors relevant to adjustment of an attorney's lodestar figure).

**DISCUSSION**

The Court finds that the "the fee sought is reasonable for the services rendered." While the fee sought, together with the section 406(a) fee counsel already recovered, equals roughly the agreed-upon 25 percent of past-due benefits, the fee is not unreasonable given the number of hours counsel spent in representing Plaintiff before this Court. Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing Plaintiff's benefits.

Counsel, who has been practicing Social Security law since 1979, reports an hourly billing rate of $490.  <u>See</u> Petition at 9.  Counsel reasonably spent a total of 18.9 hours representing Plaintiff before this Court.  <u>See</u> Exhibit C to Petition.  If compensated according to his hourly rate, counsel would receive:

$490.00 x 18.9 = $9,261.00

If counsel receives the $11,553 406(b) fee requested ($18,553 - $7,000 406(a) fee recovered from the administration), however, counsel will receive a fee equivalent to roughly 1.25 times this hourly rate (<u>i.e.</u>, $611.27 per hour) for time spent before the Court.  This Court has previously found rates greater than this *de facto* rate to be reasonable for section 406(b) fee requests.  <u>See, e.g.</u>, <u>Hodges v. Astrue</u>, Case No. CV 05-2829-E, Opinion and Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b), filed March 28, 2008 (where counsel had not reported any standard hourly rates, choosing a standard or prevailing hourly rate of $250 for counsel (multiplied by a factor of 2.5 for a *de facto* hourly rate of $625) as reasonable); <u>Barry v. Astrue</u>, Case No. CV 04-649-E, Opinion and Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b), filed December 10, 2007 (same); <u>Cherry v. Astrue</u>, Case No. EDCV 05-393-E, Opinion and Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b), filed December 3, 2007 (same); <u>Wood v. Astrue</u>, Case No. CV 01-7622-E, Order Granting in Part Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed June 11, 2007 (same); <u>see also</u> <u>Gisbrecht</u>, 535 U.S. at 808 (counsel's normal hourly

1  billing rates can aid court's interpretation of reasonableness);
2  Hodges-Williams v. Barnhart, 400 F. Supp. 2d 1093, 1099-1100 (N.D.
3  Ill. Dec. 6, 2005) (reducing fees to a *de facto* hourly rate judge
4  deemed reasonable based on judge's own experience in private practice
5  and with the court); Lewis v. Barnhart, 2004 WL 3454545 *1 (W.D. Va.
6  Jun. 11, 2004) (reducing fees to *de facto* hourly rate generally
7  approved by court in noncontingency fee cases).

9  Under the totality of the circumstances, comparison of the
10 benefits secured and the time Plaintiff's counsel spent on the case
11 does not suggest the unreasonableness of the fee sought.

**CONCLUSION**

15 The motion is granted.  Section 406(b) fees are allowed in the
16 amount of $11,553, to be paid out of the sums withheld by the
17 Commissioner from Plaintiff's benefits.  Counsel shall reimburse
18 Plaintiff in the amount of $2,073.14, previously paid by the
19 Government under the EAJA.

21 IT SO ORDERED.

23 DATED: July 25, 2008

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE